# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK SLY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALAMEIDA, et. al.,,<br>　　　　Defendants.　　　　　　　　　／ | CV F   04 5611 AWI LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

　Jack Sly ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 23, 2004.  Plaintiff names Alameida, Adams, Tarnoff, Benson, Yates, Boston and at least five Doe Defendants and alleges generally that prison officials were deliberately indifferent to his needs and failed to protect him.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The exact nature of Plaintiff's claims are unclear. Plaintiff provides essentially a summary of events wherein he mentions, in passing, the named Defendants. For example, it is

clear that Plaintiff was attacked by another inmate, however, he does not say which Defendant is responsible for failing to protect him or how.  Similarly, although Plaintiff complains generally that he was not placed in the appropriate housing and therefore, officials were deliberately indifferent, he does not link any named defendant to an act or omission giving rise to his claim. Following the summary of events, Plaintiff merely sets out a conclusion that prison officials were deliberately indifferent and failed to protect him.  As noted above, in order to state a claim for relief, Plaintiff must link each named defendant with an act or omission that demonstrates a violation of his federal rights.  Plaintiff fails to do so in the instant complaint.  As such, the Court cannot find that the Complaint states any cognizable claim for relief under Section 1983.

## C. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

1 appropriate case number, and be an original signed under penalty of perjury.

2     The Court HEREBY ORDERS:

3     1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

4     complaint form;

5     2.    The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

6     (30) days from the date of service of this order, Plaintiff SHALL:

7     a.    File an Amended Complaint curing the deficiencies identified by the Court

8     in this Order, or

9     b.    Notify the Court in writing that he does not wish to file an Amended

10     Complaint and pursue the action but instead wishes to voluntary dismiss

11     the case.

12     Plaintiff is forewarned that his failure to comply with this Order may result in a

13 Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

14 IT IS SO ORDERED.

15 **Dated:**   **June 24, 2005**            **/s/ Lawrence J. O'Neill**
b9ed48                               UNITED STATES MAGISTRATE JUDGE