# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK SLY, | CV F  04 5611 AWI LJO P |
|         Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  14) |
| ALAMEIDA, et. al.,, | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
|         Defendants. | |

Jack Sly ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 23, 2004.  Plaintiff names Alameida, Adams, Tarnoff, Benson, Yates, Roston and the CDC as Defendants.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**C. CLAIMS FOR RELIEF**

*1. Supervisory Liability*

Supervisory personnel are generally not liable under Section 1983 for the actions of their

employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendant Alameida and Adams personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendants Alameida and Adams.

### 2. *The California Department of Corrections*

Plaintiff also names the California Department of Corrections as a Defendant (¶ 22) and asserts that the Department is liable for "actions and omissions under color of statutes, ordinances ..." However, the California Department of Corrections is not a "person" within the meaning of Section 1983. See, Alabama v. Pugh, 438 U.S. 781, 782 (1788) (*per curiam*) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment; Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993 (*en banc*) )concluding that the Arizona Department of Corrections was an arm of the state and thus, not a person for § 1983 purposes); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991 (same);

3

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that a state agency is immune from suit under the Eleventh Amendment).  Accordingly, Plaintiff may not attempt to hold the CDC liable under Section 1983.

### 3. Eighth Amendment - Failure to Protect

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  Farmer v. Brennan, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. at 834(*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.

In this case, Plaintiff alleges that Defendants Ahlin, Benson, Tarnoff, and Yates knowingly made recommendations and/or placed Plaintiff in a Level IV housing with violent inmates when he was a Level I inmate suffering from mental health problems.  Plaintiff also alleges that Defendant Roston reviewed Plaintiff's mental health condition and made a determination that Plaintiff should be removed from the Gym to a cell so that he would not harm himself.  Despite Plaintiff's filing an inmate appeal to Defendant Roston on this issue and Roston's granting the appeal, Plaintiff was not moved. (Compl. at ¶ 16, 17, 18, 19, 20) Plaintiff was later attacked by an inmate housed in Level IV, Facility D gym.  The Court finds Plaintiff adequately states an Eighth Amendment claim against Defendants Ahlin, Benson, Tarnoff, Yates and Roston.

### 4. Due Process

Plaintiff also makes a general allegation that he was denied "Due Process and the right to be free from attack by other inmates." (Compl. At ¶21.)

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish

the existence of a liberty interest for which the protection is sought.

Other than the bare mention of due process, Plaintiff alleges no facts to support a due process claim for relief nor does he link any named Defendant to an act or omission giving rise to such a violation. Accordingly, Plaintiff fails to allege fact sufficient to state a due process claim for relief.

### 5. *Eighth Amendment - Medical Care*

Plaintiff also references his right to adequate medical care as secured by the Constitution. However, he again fails to allege sufficient facts to state a cognizable Eighth Amendment medical care claim for relief. To the extent Plaintiff is alleging a violation of his Eighth Amendment rights for the named Defendants indifference to his health or safety, that issue was addressed in subsection three (2) above. However, if it is Plaintiff's intent to allege a claim of adequate medical care, there are no facts in the Complaint to support such an allegation.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

### 6. *State Regulations*

Plaintiff also alleges that the Defendants have violated state regulations.

"Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983

5

offers no redress." Id. Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

As in the case above, Plaintiff offers no facts demonstrating a violation of his federal constitutional rights with respect to the state regulations he mentions. Even had he, Plaintiff fails to link any named Defendant to an act or omission. Accordingly, such an allegation fails to state a cognizable claim for relief.

### 7. Exhaustion Requirement

Plaintiff is informed that there exists an exhaustion requirement that applies to this action.

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). ***Exhaustion must occur prior to filing suit.*** McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (emphasis added). Thus, plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The Court provides this information to Plaintiff solely for the purpose of informing him of the exhaustion requirement.

## D. CONCLUSION AND ORDER

The Court finds that the Amended Complaint states an Eighth Amendment failure to protect claim against Defendants Ahlin, Benson, Tarnoff, Yates and Roston. The Amended Complaint, however, does not state any other claims for relief against any of the remaining

1  Defendants.  The Court will provide Plaintiff with time to file a Second Amended Complaint
2  curing the deficiencies identified above should he wish to do so.
3        Plaintiff must demonstrate in the Second Amended Complaint how the conditions
4  complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625
5  F.2d 227 (9th Cir. 1980).  The Second Amended Complaint must specifically state how each
6  defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is
7  some affirmative link or connection between a defendant's actions and the claimed deprivation.
8  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
9  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
10        Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
11  be complete in itself without reference to any prior pleading.  As a general rule, an Amended
12  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
13  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
14  function in the case.  Therefore, in a Second Amended Complaint, as in an original Complaint,
15  each claim and the involvement of each defendant must be sufficiently alleged.  The Second
16  Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT,"
17  reference the appropriate case number, and be an original signed under penalty of perjury.
18        Finally, Plaintiff is informed that it is inappropriate to attach exhibits to a complaint.[1]
19  See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for
20  the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness
21  affidavits, etc.) should not be submitted until the course of litigation brings the evidence into
22  question (for example, on a motion for summary judgment, at trial, or when requested by the
23  court).  At this point, the submission of evidence is premature as the Plaintiff is only required to
24  state a prima facie claim for relief.  Accordingly, the Court will direct the Clerk of Court to return
25  the documents to Plaintiff for safekeeping until such time as review by the Court is necessary.
26
27
28      [1]Plaintiff attaches over sixty pages of exhibits to his Amended Complaint.

7

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The First Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **October 31, 2006**              **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE